# EXHIBIT A



P7711179

Form 27 - AFFIDAVIT OF SERVICE

**GOIDEL & SIEGEL LLP**

SUPREME COURT NEW YORK COUNTY STATE OF NEW YORK

CHRISTINE ADAMS

                                        PLAINTIFF

                    - vs -

METROPOLITAN TRANSPORTATION AUTHORITY, ETAL

                                        DEFENDANT

Index No. **160424/2022**
Date Filed
Office No.
Court Date.

STATE OF **NEW YORK**, COUNTY OF **NEW YORK**          :SS:

**ERIC GOLDKLANK** being duly sworn, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New York. That on the **09TH** day of **DECEMBER, 2022 2:20PM** at
**2 BROADWAY**
**NEW YORK NY 10004**
I served a true copy of the **NOTICE OF ELECTRONIC FILING, SUMMONS AND COMPLAINT** upon **METROPOLITAN TRANSPORTATION AUTHORITY** the **DEFENDANT** therein named by delivering to, and leaving personally with **JOHN DOE (REFUSED FULL NAME), CLERK**, who provided verbal confirmation that he or she is authorized to accept by appointment or law to receive service on behalf of the **DEFENDANT.**

Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows:

SEX: **MALE**    COLOR: **BROWN**  HAIR: **BLACK**

APP.AGE: **45** APP. HT: **6''4** APP. WT: **240**

OTHER IDENTIFYING FEATURES

Sworn to before me this
12TH day of DECEMBER, 2022

SELENA INES ADAMES
Notary Public, State of New York
No. 01AD6365042
Qualified in QUEENS COUNTY
Commission Expires 09/25/2025

ERIC GOLDKLANK DCA LIC #1298914
Lexitas
1235 BROADWAY 2ND FLOOR
NEW YORK, NY 10001
Reference No: 3-GS-7711179

Index No. 160424/2022

SUPREME COURT NEW YORK COUNTY STATE OF NEW YORK

======================================================================

CHRISTINE ADAMS

                    PLAINTIFF

          - against -
METROPOLITAN TRANSPORTATION AUTHORITY, ETAL

                    DEFENDANT
======================================================================

NOTICE OF ELECTRONIC FILING, SUMMONS AND COMPLAINT


======================================================================

GOIDEL & SIEGEL LLP

56 WEST 45TH ST, 3RD FLOOR

NEW YORK, NY 10036


212-840-3737

Case 1:22-cv-10958-LJL   Document 2-1   Filed 12/29/22   Page 4 of 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------

CHRISTINE ADAMS,

                                    Plaintiffs,

           -against-

METROPOLITAN TRANSPORTATION AUTHORITY,
THE LONG ISLAND RAIL ROAD COMPANY and
NATIONAL RAILROAD PASSENGER
CORPORATION,

                                    Defendants.

------------------------------------------------------

Index No.:

Date purchased:

Plaintiff Designates New York
County as the place of trial

The basis of venue is:
Accident Situs

# SUMMONS

To the above-named Defendants:

**YOU ARE HEREBY SUMMONED** to answer, or, if the complaint is not served with this summons, to serve notice of appearance, on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: December 7, 2022

Defendants' Addresses

Metropolitan Transportation Authority
2 Broadway
New York, New York 10004

The Long Island Rail Road Company
93-02 Sutphin Boulevard
Jamacia, New York 11435

National Railroad Passenger Corporation
60 Massachusetts Avenue. NE
Washington, DC 20002

GODEL & SIEGEL, LLP

By: Rebecca Grossberg, Esq.
*Attorneys for Plaintiff*
56 West 45th Street, Third Floor
New York, New York 10036
Telephone No.: (212) 840-3737

Case 1:22-cv-10958-LJL   Document 2-1   Filed 12/29/22   Page 5 of 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------------X
CHRISTINE ADAMS,

                                 Plaintiff,                  Index No.:

      -against-

METROPOLITAN TRANSPORTATION AUTHORITY,       **COMPLAINT**
THE LONG ISLAND RAIL ROAD COMPANY, and
NATIONAL RAILROAD PASSENGER CORPORATION,

                                  Defendants.
--------------------------------------------------------------------------X

      CHRISTINE ADAMS, by her attorneys, Goidel & Siegel, LLP, as and for her Complaint

against defendants METROPOLITAN TRANSPORTATION AUTHORITY, THE LONG

ISLAND RAIL ROAD COMPANY, and NATIONAL RAILROAD PASSENGER

CORPORATION (collectively, the "Defendants") hereby sets forth as follows, upon information

and belief:

## **THE PARTIES**

      1.      At all times relevant hereto, the plaintiff, CHRISTINE ADAMS ("Plaintiff") was

and is a resident of New Jersey.

      2.      At all times relevant hereto, defendant METROPOLITAN TRANSPORTATION

AUTHORITY ("MTA") was and is a domestic municipal corporation duly organized and existing

by virtue of the laws of the State of New York.

      3.      At all times relevant hereto, defendant MTA was and is a public authority duly

organized and existing under and pursuant to the laws of the State of New York.

      4.      At all times relevant hereto, defendant MTA was and is a public benefit corporation

chartered by the State of New York.

5.      At all times relevant hereto, defendant LONG ISLAND RAIL ROAD CORPORATION ("LIRR") was and is a domestic municipal corporation duly organized and existing by virtue of the laws of the State of New York.

6.      At all times relevant hereto, defendant LIRR was and is a public benefit corporation chartered by the State of New York.

7.      At all times relevant hereto, defendant LIRR was and is a duly organized subsidiary of MTA and existing by virtue of the laws of the State of New York.

8.      At all times relevant hereto, defendant NATIONAL RAILRAOD PASSENGER CORPORATION ("National Railroad") was and is a foreign corporation duly organized to do business in the State of the New York.

9.      At all times relevant hereto, defendant MTA was the owner of the Premises known as Pennsylvania Station, located in the County of New York, State of New York from 30th Street to 34th Street between Seventh Avenue and Eighth Avenue and, more particularly, the staircase leading from Seventh Avenue into Pennsylvania Station (hereinafter the "Premises").

10.     At all times relevant hereto, defendant MTA was the lessor of the Premises.

11.     At all times relevant hereto, defendant MTA was the lessee of the Premises.

12.     At all times relevant hereto, defendant MTA controlled the Premises.

13.     At all times relevant hereto, defendant MTA operated the Premises.

14.     At all times relevant hereto, defendant MTA managed the Premises.

15.     At all times relevant hereto, defendant MTA maintained the Premises.

16.     At all times relevant hereto, defendant LIRR was the owner of the Premises.

17.     At all times relevant hereto, defendant LIRR was the lessor of the Premises.

18.     At all times relevant hereto, defendant LIRR was the lessee of the Premises.

19. At all times relevant hereto, defendant LIRR controlled the Premises.

20. At all times relevant hereto, defendant LIRR operated the Premises.

21. At all times relevant hereto, defendant LIRR managed the Premises.

22. At all times relevant hereto, defendant LIRR maintained the Premises.

23. At all times relevant hereto, defendant National Railroad was the owner of the Premises.

24. At all times relevant hereto, defendant National Railroad was the lessor of the Premises.

25. At all times relevant hereto, defendant National Railroad was the lessee of the Premises.

26. At all times relevant hereto, defendant National Railroad controlled the Premises.

27. At all times relevant hereto, defendant National Railroad operated the Premises.

28. At all times relevant hereto, defendant National Railroad managed the Premises.

29. At all times relevant hereto, defendant National Railroad maintained the Premises.

30. Prior to the commencement of this action and within ninety (90) days of the date that the cause of action accrued herein, a timely Notice of Claim was served upon Defendants.

31. Prior to the commencement of this action, Plaintiff duly complied with all of the conditions precedent to commencing this action.

32. More than thirty (30) days have elapsed since the filing of said Notice of Claim, and Defendants have failed, refused and/or neglected to adjust or otherwise settle said claim.

33. This action is commenced within one year and ninety days after the cause of action accrued.

34.     This action is exempt from the provisions and limitations of Article 16 of the New York State CPLR concerning joint and several liability of tortfeasors.

## FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

35.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 as if each was fully set forth herein.

36.     On May 15, 2022 and at all times relevant hereto, Defendants had a duty to exercise reasonable care with respect to the operation, maintenance, management, and control of the Premises.

37.     On May 15, 2022 and at all times relevant hereto, Defendants had a duty to properly maintain the Premises, and all parts thereof, in a safe condition.

38.     On May 15, 2022 and at all times relevant hereto, Defendants had a duty to properly and adequately design, construct, inspect, and repair the Premises so as to maintain the Premises in a safe condition.

39.     On May 15, 2022 Plaintiff was lawfully walking upon the Premises.

40.     On May 15, 2022 while lawfully upon the Premises, Plaintiff was caused to fall as a result of a dangerous condition there existing (hereinafter, the "Defects").

41.     On May 15, 2022 Plaintiff was caused to fall and sustain injuries as a direct result of the Defects.

42.     The Defects occurred and existed as a result of the negligence of the Defendants.

43.     Defendants were negligent in their maintenance, operation, management, design, construction, repair, inspection, and control of the Premises.

44.     Defendants negligently permitted the Defects to exist at the Premises.

45.     Defendants negligently failed to warn people of the Defects or otherwise divert foot traffic therefrom.

46.     Defendants breached their duty to exercise reasonable care with respect to the operation, maintenance, management, and control of the Premises.

47.     Defendants breached their duty to properly maintain the Premises, and all parts thereof, in a safe condition.

48.     Defendants breached their duty to properly and adequately design, construct, inspect, and repair the Premises so as to maintain the Premises in a safe condition.

49.     As a result of the negligence of Defendants as described above, Plaintiff was caused to sustain severe and permanent physical injuries.

50.     As a result of the negligence of Defendants, as described above, with no contributory negligence on the part of Plaintiff, Plaintiff suffered severe, permanent, and lasting injuries for which she is entitled to an amount of damages against Defendants in excess of the jurisdictional limit of all inferior trial courts of this State.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount of damages in excess of the jurisdictional limit of all lower courts of this State, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
          December 7, 2022

Yours, etc.,
GOIDEL & SIEGEL, LLP

By: Rebecca Grossberg, Esq.
*Attorneys for Plaintiff*
56 West 45th Street, Third Floor
New York, New York 10036
Telephone No.: (212) 840-3737