```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/22/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
CHRISTINE ADAMS,                                                  :
                                                                  :
                              Plaintiff,                          :
                                                                  :         22-cv-10958 (LJL)
            -v-                                                   :
                                                                  :         MEMORANDUM AND
METROPOLITAN TRANSPORTATION AUTHORITY,                            :              ORDER
THE LONG ISLAND RAIL ROAD COMPANY, and                            :
NATIONAL RAILROAD PASSENGER                                       :
CORPORATION,                                                      :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      By oral order of February 7, 2024, the Court granted in part and denied in part Defendants' motion to compel discovery from Plaintiff in this slip-and-fall case. *See* Dkt. No. 20. The Court directed Plaintiff to provide Defendants with (1) an authorization for the release of records from Plaintiff's most recent ophthalmologist visit preceding the date of the incident to the present; (2) all records regarding Plaintiff's Botox treatment received as a result of the alleged incident and an authorization for the release of the same; (3) an authorization for the release of Plaintiff's Bradford Bath and Tennis Club records from May 15, 2020 through the present within ten days; and (4) all records in Plaintiff's possession evidencing purchases made by or on behalf of Plaintiff at the Parlour Room and Bice Cucina from May 14, 2022 through May 15, 2022. The Court denied Defendants' request for authorizations for Plaintiff's primary care physician from 2021 through present and Dr. DelVecchio or any other physician who treated Plaintiff for her Hashimoto's disease and/or prescribed her Synthroid/Levothyroxine/Litothyronine for that treatment because Defendants had not

established the relevance of the disease or of the fact that Plaintiff had not taken the prescribed medication on the indicated schedule to the claims and defenses in the case. However, the Court gave Defendants leave to file a motion for reconsideration upon the submission of a supporting expert opinion.

Defendants have now moved for reconsideration with a supporting expert declaration. Dkt. No. 22. In addition, Defendants have informed the Court that Plaintiff has failed to comply with the Court's February 7, 2024 order. Dkt. No. 24. Plaintiff has not responded to the motion for reconsideration.

Defendants have established the relevance of the requested information through an expert report that explains that Hashimoto's disease, when untreated, can cause dizziness and balance problems and that improper compliance with thyroid medication prescriptions may affect the neuromuscular function and muscle strength, both of which can increase the risk of falls and the risk of fractures. Dkt. No. 22-1 ¶¶ 6, 8. It is the opinion of the expert that Plaintiff's Hashimoto's disease, and the treatment for that disease, is relevant to her mobility and balance at the time of the incident that is the subject of this lawsuit. *Id.* ¶ 5.

The Federal Rules of Civil Procedure permit discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance is . . . to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *3 (S.D.N.Y. July 14, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Defendant has established the relevance of the requested information and that the Court should reconsider its decision of February 7, 2024.

Accordingly, it is hereby ordered that, by no later than February 29, 2024, Plaintiff shall provide to Defendants: (1) an authorization for Plaintiff's primary care physician from 2021 through present; and (2) authorizations for Dr. DelVecchio and any other physician who treated Plaintiff for her Hashimoto's disease and/or prescribed Synthroid/Levothyroxine/Litothyronine for that same time period.  In addition, by no later than February 29, 2024, Plaintiff shall produce the discovery ordered by the Court on February 7, 2024, on pain of contempt.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 22 and 24.

SO ORDERED.

Dated: February 22, 2024  
      New York, New York

                                             LEWIS J. LIMAN  
                                     United States District Judge